MOK CHUNG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 10, 1904.)

No. 830.

1. CHINESE EXCLUSION—HABEAS CORPUS—JURISDICTION OF COURT

A District Court is without jurisdiction to review by habeas corpus proceedings the decision of a collector denying the right of a Chinese person to enter the United States, against his claim of citizenship, where he has taken no appeal from such decision to the Secretary of Commerce and Labor.

Appeal from the District Court of the United States for the Northern District of California.

George A. McGowan, for appellant.
Marshall B. Woodworth, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge.   Mok Chung, a Chinaman, arrived at the port of San Francisco on the steamship San Jose, and applied to the collector of the port of San Francisco for permission to land, on the ground that he was a native-born citizen of the United States.   Upon a hearing had before the collector of the port, his application was denied.   He thereupon sued out a writ of habeas corpus in the District Court for the Northern District of California, alleging that he was a native-born citizen of the United States.   Upon a hearing had upon that writ, and the return thereto, and the evidence taken, the court found the petitioner to be a subject of the empire of China, and not entitled to land in the United States, and ordered him deported.   From that judgment an appeal was taken to this court.

The appellee now moves to dismiss the appeal on the ground that the District Court had no jurisdiction to issue the writ of habeas corpus, for the reason that the appellant had taken no appeal to the Secretary of Commerce and Labor from the decision of the collector of the port of San Francisco denying his right to land.   On the authority of United States v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917, the motion is overruled, but the judgment is affirmed.